UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

STEVEN CRITELLI

                Plaintiff,

    -against-                                    MEMORANDUM & ORDER
                                                    05-CV-0371 (NGG)(AKT)

FIDELITY NATIONAL TITLE INSURANCE
COMPANY OF NEW YORK

                Defendant.
------------------------------------------------------------X

GARAUFIS, United States District Judge.

      Plaintiff Steven Critelli ("Critelli"or "Plaintiff") brings this action under Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et. seq. ("ERISA"), against his former employer, Fidelity National Title Insurance Company of New York ("Fidelity" or "Defendant"), to collect a bonus that Plaintiff claims Fidelity owes him in recognition of his service during the final year of his employment. Fidelity moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure on the ground that Critelli was not a participant in any employee benefit plan governed by ERISA. For the reasons set forth below, Defendant's motion is GRANTED.

**I.    BACKGROUND**

      Fidelity, a title insurance company, employed Critelli from May 1986 until his termination in October 2004. (Defendant's Local Civil Rule 56.1 Statement ("Def. 56.1 Stat.") ¶ 1.[1]) In or about June 2000, Fidelity promoted Critelli to the position of Vice President, New

---

[1] Plaintiff did not submit a Statement that satisfied Local Rule 56.1's requirement for an enumeration of facts corresponding to the movant's 56.1 Statement. Nevertheless, to the extent

1

York State Agency Manager ("Agency Manager").  (Id. ¶ 2.)  As Agency Manager, Critelli was eligible for an annual bonus that was computed as a percentage of New York State Agency's pre-tax profits.  ( Id. ¶ 5.)  The bonus was awarded to all similarly-situated Fidelity employees and disbursed in March of each year.  (Plaintiff's Declaration ("Pl. Decl.") ¶ 3.)

Fidelity maintained a Deferred Compensation Plan ("the Plan") for its managerial and other highly-compensated employees.  (Exhibit 1 to Pl. Decl. at 1.)  As a participant in the Plan, Critelli had the option of deferring payment of portions of his salary, and up to 100% of his annual bonus, until a future date.  (Id.)

The bonus was an incentive payment designed to compensate Critelli for leading his staff in achieving the company's sales goals.  (Def. 56.1 Stat. ¶¶ 7-8.)  There was no written agreement between Fidelity and Critelli setting forth the terms and conditions for the bonus payment.  (Id. ¶ 4.)  Following his termination in October 2004, Critelli requested that Fidelity award him a bonus for his work during the 2004 year.[2]  (Id. ¶ 15.)  Fidelity refused to grant Critelli the 2004 bonus, stating that Critelli would no longer be employed by Fidelity when the bonus was to be paid out in March of 2005.  (Id. ¶ 16.)  Critelli then commenced this action on January 24, 2005, alleging that the bonus constitutes an "employee benefit" that is protected by ERISA and that Fidelity is unjustifiably withholding.  (Complaint ¶ 1.)  For its part, Fidelity contends that the payment of this bonus is not covered by any employee benefit plan that ERISA

---

that it can, this court will construe Plaintiff's Declaration as his Local Rule 56.1 Statement.  Unless otherwise noted, Plaintiff's Declaration does not dispute the statements that this Order cites from Defendant's Local Civil Rule 56.1 Statement.

[2] While the parties disagree with respect to the circumstances that led to the termination of Plaintiff's employment with Fidelity, the court finds that such circumstances are irrelevant for purposes of deciding this motion.

governs and seeks summary judgment denying Plaintiff's claim. (Defendant's Memorandum in Support of Motion for Summary Judgment at 7-8.)

In addition, Fidelity asserts a counterclaim for conversion on the grounds that Plaintiff failed to remit the refund he received from the New York Islanders for the season tickets purchased by Fidelity for Critelli's business use.[3] (Answer ¶¶ 5-10.) Two weeks after the counterclaim was lodged, Plaintiff repaid the entire refunded amount with the exception of the interest returned to him in the amount of $66.59. Fidelity seeks the return of the $66.59 with interest and punitive damages for the alleged conversion.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law, *i.e.*, where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 69 (2d Cir. 2001) (quoting Fed. R. Civ. P. 56(c) and Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "A fact is material for these purposes if it might affect the outcome of the suit under the governing law. An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. The moving party bears the burden of establishing the absence of a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). If the

---

[3] The New York Islanders issued a refund to Plaintiff, who was listed as the ticket holder, because the National Hockey League season was cancelled.

3

moving party has met this burden, the non-moving party has the burden of "set[ting] forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

"The evidence of the party opposing summary judgment is 'to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (citing Anderson, 477 U.S. at 255). "The non-movant cannot escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts, or defeat the motion through mere speculation or conjecture." W. World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir. 1990) (internal quotations and citations omitted); see also Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998). Rather, the opponent can create a genuine issue of material fact only by citing competent, admissible evidence. Glasso v. Eisman, Zucker, Klein & Ruttenberg, 310 F. Supp. 2d 569, 574 (S.D.N.Y. 2004) (citing Sarno v. Douglas Elliman-Gibbons & Ives, 183 F.3d 155, 160 (2d Cir. 1999)).

### B. Standard Governing ERISA Claims

To bring a claim under ERISA, a plaintiff must establish the existence of an employee benefit plan that is governed by ERISA. See 29 U.S.C. § 1003(a). ERISA applies only when a dispute stems from the terms of an "employee welfare benefit plan"[4] or an "employee pension benefit plan." Id. ERISA defines the latter as any plan "established or maintained by an

---

[4] An employee welfare benefit plan confers one or more of the following: "medical, surgical or hospital care or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services." 29 U.S.C. § 1002(1). In his complaint, Plaintiff does not allege that his bonus was intended to confer any of the aforementioned benefits on him. Accordingly, the bonus payment that Plaintiff seeks clearly does not constitute an "employee welfare benefit" within the meaning of the statute.

4

employer. . . [which] by its express terms or as a result of surrounding circumstances . . . (1) provides retirement income to employees, or (2) results in a deferral of income to employees for periods extending beyond the termination of covered employment or beyond." 29 U.S.C. §1002(2)(A). However, benefit plans that involve payments made to employees "as bonuses for work performed" are specifically excluded from ERISA coverage by Department of Labor regulations. See 29 C.F.R. § 2510.3-2(c). Such payments may nonetheless fall within the ambit of ERISA coverage as employee pension benefit plans if they provide "retirement income" to employees or if they are "systematically deferred" until the termination of covered employment or beyond. Id.

### C. Application of the ERISA Standards to Plaintiff's Claim

Plaintiff argues that he satisfies ERISA's threshold requirement because "the annual bonus is to be considered an ERISA plan in light of its involvement with the Defendant's Deferred Compensation Plan." (Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment at 2.) While the precise basis for Plaintiff's ERISA claim is not clear from the face of the pleadings, Plaintiff's argument appears to be that because he had the option of allocating the bonus to his employer's Deferred Compensation Plan, ERISA governs his right to receive it.

Plaintiff does not clearly indicate which of the two ERISA benefit plan categories covers his bonus claim. However, given that his argument is predicated on the connection of the bonus to the Deferred Compensation Plan, this court will construe his argument to be that payment of the bonus falls under the category of an "employee pension benefit plan." (See also infra at 4

n.4.) Thus, Critelli's bonus is protected by ERISA only if (1) its payment provides retirement income or if (2) it is systematically deferred to the termination of covered employment or beyond. See 29 C.F.R. § 2510.3-2(c); infra at 4-5. Plaintiff fails on both counts.

### 1. *"Retirement Income" Exception*

Plaintiff does not dispute that the payment he seeks from Fidelity is a bonus, paid in the ordinary course of business as compensation for current performance. Courts in the Second Circuit have uniformly held that where payments are made to employees to provide "an incentive or a reward for a job well done," such compensation schemes are not deemed to provide "retirement income" and are, therefore, excluded from ERISA's reach. See, e.g., Hahn v. National Westminster Bank, 99 F. Supp.2d 275 (E.D.N.Y. 2000); International Paper Co. v. Suwyn, 978 F. Supp. 506, 510-11 (S.D.N.Y. 1997); see also 29 C.F.R. § 2510.3-2(c).

The bonus that Plaintiff seeks clearly fits that description. There is no indication in the record that Fidelity's annual bonus was designed to provide "retirement income" to its managerial employees. Instead, the fact that the bonus is computed on the basis of a percentage of Fidelity's pre-tax profits indicates that it is designed to serve as an incentive for the management staff to maximize profits for Fidelity rather than to provide "retirement income" for them. (See Def's. 56.1 Stat ¶ 5; Pl.'s Decl. ¶ 3.) Thus, Plaintiff has raised "no genuine issue of material fact" with respect to this issue.

### 2. *"Systematically Deferred" Exception*

Plaintiff likewise fails to raise any genuine issue of material fact with respect to the claim that the bonus payments were "systematically deferred." Plaintiff does not dispute that Fidelity

6

provided him with only an option to defer the bonus payment. It is clear that the bonus that Plaintiff seeks was disbursed annually; it was not automatically transferred to Fidelity's Deferred Compensation Plan. In fact, there is no indication in the record that Plaintiff had allocated even his own past bonus payments to the Deferred Compensation Plan.

It is well established in the Second Circuit that a mere option to defer compensation is insufficient to trigger ERISA coverage. <u>See, e.g.</u>, <u>International Paper</u>, 978 F. Supp at 512 (plan not requiring deferral of income did not "systematically defer" income); <u>Hahn</u>, 99 F. Supp. 2d at 280 (same). Plaintiff's attempt to bootstrap an ERISA claim based on the *possibility* that he could allocate some or all of his bonus income to Fidelity's Deferred Compensation Plan, therefore, fails.

Even if the bonus program at issue had qualified for ERISA protection, Plaintiff's claim to the 2004 bonus still falls short. Critelli's claim that he should be paid the bonus for 2004 appears to be based on little more than the fact that he thinks he deserves it. In fact, he offers nothing to rebut Defendant's position that the bonuses at Fidelity are paid solely at the discretion of the employer with the right to exclude those no longer employed at the company at the time the bonus is disbursed.

In sum, Plaintiff has raised no genuine issue of material fact with respect to his claim that Fidelity's practice of paying annual bonuses to its managerial employees constitutes an employee benefit plan governed by ERISA. Since Critelli cannot demonstrate any entitlement to relief under ERISA, his claim must be dismissed.

### III. DEFENDANT'S COUNTERCLAIM

In light of the fact that Plaintiff's ERISA claim presented the sole ground for federal jurisdiction in this case, this court declines to exercise supplemental jurisdiction over the defendant's state law counterclaim. See 28 U.S.C. § 1367 (c)(3) (authorizing a court to decline supplemental jurisdiction where the court "has dismissed all claims over which it has original jurisdiction.")

A district court can decline the exercise of supplemental jurisdiction if it determines that doing so would "promote the values of economy, convenience, fairness and comity." Jones v. Ford Motor Credit Co., 358 F.3d 205, 214 (2d Cir. 2004). Given the character and the magnitude of Defendant's counterclaim, and particularly in light of Plaintiff's payment of the original debt owed, a decision to exercise supplemental jurisdiction over the counterclaim would be inconsistent with the aforementioned goals.

### IV. CONCLUSION

Defendant's motion for summary judgment is GRANTED. The court declines to exercise supplemental jurisdiction over Defendant's counterclaim for conversion, and that claim is DISMISSED without prejudice. The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
      March 7, 2007.

                                          /s/ Nicholas G. Garaufis
                                         NICHOLAS G. GARAUFIS
                                         United States District Judge