```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STEVEN CRITELLI,

                        Plaintiff,

        -against-                                    **MEMORANDUM AND ORDER**

FIDELITY NATIONAL TITLE INSURANCE            05-CV-371 (NGG) (AKT)
COMPANY OF NEW YORK,

                        Defendant.
------------------------------------------------------------X
```
NICHOLAS G. GARAUFIS, United States District Judge:

Plaintiff Steven Critelli ("Critelli"or "Plaintiff") brought this action under Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et. seq. ("ERISA"), against his former employer, Fidelity National Title Insurance Company of New York ("Fidelity" or "Defendant"), to collect a bonus that Plaintiff claimed Fidelity owed him in recognition of his service during the final year of his employment. Fidelity moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure on the ground that Critelli was not a participant in any employee benefit plan governed by ERISA. By Memorandum & Order dated March 7, 2007, the court granted Defendant's motion for summary judgment and directed the Clerk of Court to close the case.

Defendant moved for an award of attorney's fees in the amount of $51,000, pursuant to 29 U.S.C. § 1132(g)(1), ERISA's attorney's fee provision. This matter was referred to Magistrate Judge A. Kathleen Tomlinson for a Report & Recommendation ("R & R") on September 27, 2007. In the R & R, dated March 5, 2008, Magistrate Judge Tomlinson recommended that the court find that Plaintiff's arguments were not frivolous or made in bad faith, that "the factors taken as a whole here do not support an award of attorney's fees to

Fidelity," and that the court deny an award of attorney's fees. (R & R at 13.) Defendant has failed to file any objections to the R & R within the prescribed ten-day period.

After examining the record, I have determined that the R & R is not subject to attack for plain error or manifest injustice. See, e.g., Pizarro v. Bartlett, 776 F. Supp. 815 (S.D.N.Y. 1991). The court finds Magistrate Judge Tomlinson's opinion to be thoughtful and thorough; her recommendation that an award of attorney's fees be denied is well reasoned based on the facts of this case and is well founded in applicable law. Accordingly, this court adopts Magistrate Judge Tomlinson's R & R for the reasons stated therein.

For the reasons described above, the court hereby orders that Defendant's motion for an award of attorney's fees is denied.

SO ORDERED.

Dated: March 24, 2008  /s Nicholas G. Garaufis
      Brooklyn, New York  NICHOLAS G. GARAUFIS
                              United States District Judge